**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REINA COREAS and PEDRO PORTILLO, | No.    17-55673 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-07000 SVW (PJW) |
| v. | |
| CITY OF LOS ANGELES; OFFICER S. BEALE and OFFICER S. SOSA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued & Submitted October 12, 2018
Pasadena, California

Before:  SCHROEDER and NGUYEN, Circuit Judges, and SIMON,** District Judge.

Two police officers responded to a domestic-violence 911 call, but they

mistakenly broke into the wrong apartment.  Within minutes, they realized the

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**   The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

mistake and left. The residents, Reina Coreas and Pedro Portillo, sued the officers for Fourth Amendment violations and under state law theories of trespass and negligence. The district court granted summary judgment for the officers, finding the officers immune from liability on each claim. Petitioners Coreas and Portillo now appeal.

The district court correctly found the officers immune from liability on the Fourth Amendment claim, even assuming a reasonable jury could find that the officers' entry was unreasonable within the meaning of the Fourth Amendment. Petitioners have not shown that the officers violated clearly established law. Petitioners rely primarily on *Maryland v. Garrison*, 480 U.S. 79 (1987). But *Garrison* held that entry into the wrong apartment because of a reasonable mistake is not a violation of the Fourth Amendment. *Id.* at 88. *Garrison* does not set forth factors that would make entry into the wrong apartment unreasonable. Petitioners have not identified any case in which an officer "acting under similar circumstances . . . was held to have violated the Fourth Amendment." *See White v. Pauly*, 137 S. Ct. 548, 552 (2017). Qualified immunity applies.

The district court also correctly found the officers immune under state law from liability for negligence or trespass in connection with this mistaken entry. Even if unreasonable, the officers' conduct was part of an investigation into

2

reported felony domestic abuse.  Contrary to petitioners' assertion, California

Government Code section 821.6 is not limited merely to actual administrative and

judicial proceedings, but can also extent to "actions taken in preparation for formal

proceedings."  Cal. Gov't. Code § 821.6.  As the district court noted, petitioners

raised no arguments below to rebut the government's assertion of section 821.6

immunity.  Petitioners similarly fail to persuade us on appeal that section 821.6

immunity would not apply here.  That petitioners were not the investigation's

intended target is irrelevant.  *Amylou R. v. Cty. Of Riverside*, 28 Cal. App. 4th

1205, 1214 (1994) ("[W]e hold that section 821.6 bars claims made by anyone who

has been injured as a result of [the alleged conduct], whether or not the claimant

was the target  . . . .").

**AFFIRMED.**